IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
03/31/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| **PLANET HOME LENDING, LLC** | * |
| and | * |
| **TRUSTEE SERVICES OF VIRGINIA, LLC** | * |
| *Plaintiffs,* | * |
| v. | *   Civil Action No:  5:25cv00028 |
| | * |
| **SECRETARY OF DEPARTMENT OF** | * |
| **HOUSING AND URBAN DEVELOPMENT** | * |
| *Serve:* The Honorable Zachary T. Lee, | * |
| Acting U.S. Attorney for the Western District of Virginia | * |
| *at:* 310 1st Street S.W., Room 906 | * |
| Roanoke, Virginia 24011 | * |
| *And serve via Certified Mail:* | * |
| The Honorable Pamela Jo Bondi, | * |
| Attorney General of the United States | * |
| 950 Pennsylvania Avenue | * |
| Washington, D.C. 20530-0001 | * |
| *And serve via Certified Mail:* | * |
| The Honorable Scott Turner, | * |
| Secretary of Housing and Urban Development | * |
| 451 7th Street, S.W. | * |
| Washington, D.C. 20410-0001 | * |
| | * |
| **HAROLD B. NEDROW, JR.** | * |
| *Serve at:* 96 Featherstone Drive | * |
| Lyndhurst, Virginia 22952 | * |
| | * |
| **CAROLYN S. SHIFLETT** | * |
| *Serve at:* 96 Featherstone Drive | * |
| Lyndhurst, Virginia 22952 | * |
| | * |
| and | * |
| **DUPONT COMMUNITY CREDIT UNION** | * |
| *Serve:* Stephen F. Elkins, registered agent | * |
| *at:* 1154 Shenandoah Village Drive | * |
| Waynesboro, Virginia 22980 | * |
| *Defendants.* | * |

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale for the real property commonly known as 96

Featherstone Drive, Lyndhurst, Virginia, and more fully described in paragraph 14 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and, in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a "Partial Claims Mortgage" recorded in the chain of title for the Property.

2. Said Partial Claims Mortgage is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note that is payable to the Secretary.

3. The Plaintiffs, respectively, are the current holder of the original February 11, 2019 Note and the substitute trustee of the February 11, 2019 Deed of Trust securing a purchase-money mortgage loan that encumbers the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the February 11, 2019 mortgage loan, which is in default for nonpayment.

## PARTIES

5. Planet Home Lending, LLC (hereinafter "Planet") is a Delaware limited liability company that is also registered with the Virginia State Corporation Commission.

6. Planet has its principal place of business in Meriden, Connecticut, and offers and services residential mortgage loans.

7. Planet is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8. Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of the February 11, 2019 Deed of Trust securing Planet.

9. The U.S. Department of Housing and Urban Development (HUD) is an agency of the

United States Government.

10.     The Secretary of HUD is the obligee of a promissory note secured by a Partial Claims Mortgage recorded in the chain of title for the Property.

11.     Harold B. Nedrow, Jr. and Carolyn S. Shiflett are the current owners of record of the Property. Upon information and belief, they are residents of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

12.     Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Harrisonburg Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

14.     Via a Deed dated February 6, 2019, Harold B. Nedrow, Jr. and Carolyn S. Shiflett (hereinafter "Nedrow and Shiflett") became the owners of record of the real property legally described as,

> All that certain tract or parcel of land, together with the improvements thereon and appurtenances thereto belonging, lying and being in South River District, Augusta County, Virginia, and described and designated on the revised map of Featherstone Manor, Unit One (1), made by Clark and Harris, C.L.S., dated May 24, 1956, revised June 1, 1957, being of record in the Augusta County Circuit Court Clerk's Office in Deed Book 430, page 403, as Lot Eight (8), in Block Two (2),

and commonly known as 96 Featherstone Drive, Lyndhurst, Virginia (hereinafter "Property").

15.     Said Deed is recorded among the land records of the Augusta County Circuit Court as Instrument # 190000947, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16.     In order to purchase the Property, Nedrow and Shiflett entered into purchase-money mortgage loan with C&F Mortgage Corporation.

17.     As part of that mortgage loan, Nedrow and Shiflett executed a Note for $166,822.00

and a Deed of Trust, both dated February 11, 2019.

18. The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration and foreclosure in the event of a default.

19. Said Deed of Trust is recorded among the land records of the Augusta County Circuit Court as Instrument # 190000948, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

20. The February 11, 2019 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

21. Via a "Notice of Corporate Assignment of Deed of Trust" executed on July 14, 2022, MERS assigned its interest in the February 11, 2019 Deed of Trust (Exhibit B) to Planet.

22. Said assignment is recorded among the land records of the Augusta County Circuit Court as Instrument # 220006195, and a true and accurate copy thereof are attached hereto as **Exhibit C**.

23. Via an Appointment of Substitute Trustee executed on June 12, 2023, Planet appointed Trustee Services of Virginia, LLC as Substitute Trustee of Nedrow's and Shiflett's February 11, 2019 Deed of Trust (Exhibit B).

24. Said Appointment of Substitute Trustee is recorded among the land records of the Augusta County Circuit Court as Instrument # 230003551, and a true and accurate copy thereof is attached hereto as **Exhibit D**.

25. On January 20, 2022, DuPont Community Credit Union obtained a judgment against Newdrow in the General District Court for the City of Waynesboro for $4,677.42 with interest due therein at 14.75% from the date of judgment until September 27, 2023 and then at the judgment rate thereafter (see Code of Virginia § 6.2-302), and $61.00 in costs.

26. Said judgment was docketed (recorded) in the August County Circuit Court on January

21, 2022 as Instrument # 220000311, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

27.     Once docketed, said judgment became a lien against Nedrow's interest in the Property.

28.     In November of 2023, Nedrow and Shiflett were offered, and did enter into, a loan modification whereby the past-due balance of their February 11, 2019 mortgage loan was reduced by $26,144.02 by transferring that amount to a junior mortgage loan with HUD.

29.     As part of his mortgage loan with HUD, Nedrow and Shiflett executed a promissory note for $26,144.02, payable to the Secretary of HUD, and a "Partial Claims Mortgage" in favor of the Secretary of HUD.

30.     The promissory note and the Partial Claims Mortgage are each dated October 30, 2023.

31.     Said Partial Claims Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $26,144.02.

32.     The Partial Claims Mortgage is recorded among the land records of the Augusta County Circuit Court as Instrument # 230007685, and a true and accurate copy thereof is attached hereto as **Exhibit F**.

33.     Upon information and belief, there are no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

**Count I - Request for a Judicial Sale**

34.     The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 33 above.

35.     In September of 2024, Nedrow's and Shiflett's February 11, 2019 mortgage loan with Planet (Exhibit B) fell into default for nonpayment.

36.     Due to said loan default, a notice of default/breach letter was sent to Nedrow and Shiflett on December 3, 2024, the default was not cured, and the balance of the February 11, 2019 mortgage loan has been accelerated.

37.     In order to collect the accelerated balance of the February 11, 2019 mortgage loan, Planet wants to enforce its rights in the Property by having the Substitute Trustee of the February 11, 2019 Deed of Trust execute the power of sale provision found within the February 11, 2019 Deed of Trust.  See Exhibit B § 24.

38.     An exercise of the power of sale provision that is contained in the February 11, 2019 Deed of Trust would typically require a public (nonjudicial) foreclosure sale for the Property held by the trustee or substitute trustee of the Deed of Trust.

39.     However, because the Secretary of HUD also has a security interest in the Property via its Partial Claims Mortgage (Exhibit F), a judicial sale is required.

40.     Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

41.     In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

42.     In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

43.     Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the lien of the United States remains undisturbed against the real property that is sold.

44.     Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily

entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

45.     A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

46.     The Plaintiffs now respectfully ask this Honorable Court authorize a judicial sale of the Property, pursuant to 28 U.S. Code § 2201, so that (i) the Secretary of HUD is given and receives sufficient due process with respect to his security interest in the Property, (ii) the Secretary of HUD can protect his interests in the Property, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii) the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Nedrow and Shiflett via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, the balance of the February 11, 2019 mortgage loan held by Planet (Exhibit B), and then the payment of the balance of the January 21, 2022 judgment held by DuPont Community Credit Union (Exhibit E) to the extent funds from the

sale of the Property are available, and then the payment of the balance of the October 30, 2023 partial-claim mortgage loan held by the Secretary of HUD (Exhibit F) to the extent funds from the sale of the Property are available, and then the payment of Nedrow and Shiflett with the remaining funds to the extent funds from the sale of the Property are available; (viii) the Court enter an Order waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S. Code § 2410(c); and (ix) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **PLANET HOME LENDING, LLC**
          *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
          *by Counsel*

March 31, 2025        /s/ Robert Oliveri_____
        Robert Oliveri, Esquire (VSB #47247)
        BROCK & SCOTT, PLLC
        484 Viking Drive, Suite 170
        Virginia Beach, Virginia 23452-7321
        757-255-5286 (direct)
        703-840-4279 (facsimile)
        robert.oliveri@brockandscott.com
        *Counsel for the Plaintiffs*